IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SERGIO TORRES,** on Behalf of Himself and on Behalf of Others Similarly Situated**,** § § § | § | CA No. _____ |
| Plaintiff, | § | JURY DEMANDED |
| v. | § § | |
| **OPRONA, INC. d/b/a ROSEN USA,** Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### 1. SUMMARY

1.1.   Defendant, Oprona Inc. d/b/a Rosen USA ("Defendant"), failed to pay Plaintiff, SERGIO TORRES, ("Plaintiff") and its other Field Service Technicians overtime wages when they work/worked more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.

1.2   Plaintiff, Sergio Torres, and the similarly situated individuals he seeks to represent, are current and former employees of Defendant who work/worked as Field Service Technicians within the last three years (hereinafter referred to as "Class Members").

1.3   Defendant's pay practices and policies applied not only to Plaintiff, but also to all Class Members. Therefore, Plaintiff brings this suit on behalf of himself and other similarly situated Field Service Technicians.

### 2. JURISDICTION

2.1.   This Court has federal question jurisdiction of this action under 28 U.S.C. §1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

## 3. VENUE

3.1. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## 4. PARTIES

4.1. Plaintiff, Sergio Torres, lives in the Southern District of Texas. Plaintiff is a former employee of Defendant and worked as a Field Service Technician. Plaintiff began his employment with Defendant on or about April 20, 2015 and resigned on or about October 20, 2017. His written consent to join this lawsuit is attached hereto as Exhibit 1.

4.2. The class of similarly situated employees consists of all Field Service Technicians who work/worked for Defendant within the last three years and worked over forty (40) hours in any work week (hereinafter referred to as the "Class Members").

4.3. Defendant Oprona Inc. d/b/a Rosen USA ("Rosen" or "Defendant") is an employer qualified to do business in Texas. Defendant Rosen is liable as Plaintiff's "employer" under the FLSA to comply with the minimum and overtime wage provisions set forth therein. Defendant Rosen can be served by, serving its Registered Agent for Service of Process, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

## 5. FLSA COVERAGE

5.1 At all times relevant to this dispute, Defendant is an enterprise within the meaning of the FLSA. 29 U.S.C. §203(r).

5.2 At all times relevant to this dispute, Defendant is an enterprise that engages in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

5.3  At all times relevant to this dispute, Defendant had/has annual gross sales in excess of $500,000.00.

5.4  At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §207.

## 6. BACKGROUND FACTS

6.1  Plaintiff worked as a Field Service Technician for Defendant Rosen in Houston, Texas. He was misclassified by Defendant as exempt from overtime compensation however, he was expected to work over forty (40) hours per work week.  He reported to and was supervised by Defendant's Operations/Field Services Manager (Joe Coleman and Phillip Colborn).  Other individuals who work/worked with Plaintiff, performed the same or similar job duties, were/are paid the same and were/are titled Field Service Technician.

6.2  As a Field Service Technician, Plaintiff's primary duties included but were not limited to, loading trailers, strapping down all the equipment on the trailer, filling out forms with the start and stop times for the inspections, unloading the trailer to get the equipment in the pipeline and driving or transporting the tool used to do the inspection in the pipeline. All Field Service Technicians employed by Defendant performed these job duties or substantially similar job duties.

6.3  Plaintiff and the Class Members were not required to have a degree or any specific certifications to perform their job other than certificates of completion received after completing some training provided by Defendant.  Plaintiff and the Class Members were not required to have a CDL license.  When driving

6.4  Plaintiff and the Class Members' supervisor(s)/manager(s) would direct their work, set their schedules, and dictate the locations where work would be performed.

3

6.5     During Plaintiff's employment with Defendant there were about forty (40) Field Service Technicians working out of the Houston, Texas office.

6.6     Defendant dictated what hours Plaintiff worked, provided the tools for him to do his job, told him what work he was required to complete and the specifications on how the work was to be completed.  Throughout the duration of his employment Plaintiff worked over forty (40) hours per work week.  The overtime Plaintiff worked was necessary to meet the demands of the job.  On average, Plaintiff and the Class Members work/worked approximately 12-15 hours per day (sometimes more), 6 days per week.

6.7     Defendant controlled all the conditions of Plaintiff's employment.  Defendant determined Plaintiff's pay rate, the schedule he worked, and the policies and procedures Plaintiff and the other Class Members are/were required to follow.  Plaintiff and the Class Members were also subject to the same pay policy where they were misclassified as exempt and paid a biweekly salary.

6.8     In order to perform their job duties, Plaintiff and the Class Members follow procedures that are outlined in Defendant's manuals and checklists.  Any deviation from such procedures, if necessary, must first be approved by the Field Service Manager/Supervisor(s).  Plaintiff and the Class Members are not allowed to make unilateral decisions about the tasks assigned or the manner in which such tasks are completed without the approval of their supervisor/Field Service Manager.

6.9     Plaintiff and the Class Members do/did not have the authority to make unilateral decisions regarding the work assigned by Defendant.

6.10    Plaintiff and Class Members do/did not have authority to hire or fire any of Defendant's employees and do/did not have authority to set pay.

6.11     As Field Service Technicians, Plaintiff and Class Members regularly work/worked more than forty (40) hours per workweek.  Neither he nor any of the other Class Members had authority to (nor did they): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Defendant's employees, handle employee grievances, determine the type of equipment or materials that Defendant could use in its operations, enter into contracts on behalf of Defendant or otherwise have operational control over Defendant's business operations and practices.  Moreover, Plaintiff and the Class Members did not perform office or non-manual work directly related to the management or general business operations of Defendant or its customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Defendant's business.  In fact, Plaintiff and the class members spent much of their time performing manual labor.

6.12     Plaintiff and the Class Members are subject to a single policy and pay plan that they were/are misclassified as exempt and paid the same amount no matter how many hours they worked.  Defendant had a plan/policy in place which applied to Plaintiff and the Class Members that they were not to be compensated overtime compensation for any hours worked over forty (40) hours per week.

6.13     Plaintiff and the Class Members were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

6.14     Defendant improperly classified Plaintiff and the Class Members as exempt from receiving overtime compensation.  Defendant was aware that Plaintiff and the Class Members were/are working over forty (40) hours per work week.

6.15     Plaintiff and the Class Members worked/work over forty (40) hours per work week and

Defendant fails/failed to pay Plaintiff and the Class Members overtime compensation. Plaintiff and the Class Members were paid the same amount no matter how many hours they worked for Defendant.

6.16    Throughout Plaintiff's tenure working for Defendant, Field Service Technicians were subject to the same pay policy/plan described herein, work/worked overtime hours, and were/are not compensated in accordance with the FLSA by Defendant.  Over the past three (3) years there have been other Field Service Technicians who were subject to the same policy and plan as described herein.  Plaintiff is aware of other individuals who worked/currently work as Field Service Technicians and were/are not compensated in accordance with the FLSA for hours worked in excess of forty (40) hours per work week.

## 7.    COLLECTIVE ACTION ALLEGATIONS

7.1    Plaintiff incorporates the allegations in the preceding paragraph as if fully set forth herein.

7.2    Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all other persons employed by Defendant as Field Service Technicians within three (3) years from the filing of this suit who, like Plaintiff, (1) have not been compensated for all hours worked and/or (2) have not been compensated at one and a half times their regular rate of pay for all hours worked in excess of forty (40) hours in a single work week.

7.3    Defendant classified/classifies and paid/pays all of its Field Service Technicians in the manner described herein.  Defendant maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiff.

7.4    Defendant's Field Service Technicians all performed the same/similar essential job functions and duties, notwithstanding the fact that one employee might have more tenure or

6

experience than another employee in the same or similar position. Plaintiff and the Class Members were also paid in the same manner by Defendant. Therefore, the Class Members are similarly situated to Plaintiff.

7.5    The damages for each individual can easily be calculated using the same methodology and formula although the exact amount of the damages may vary.

7.6    Defendant possesses the names and addresses of Class Members in its records. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their unpaid wages, overtime wages, liquidated damages, attorneys' fees and other damages. Therefore, notice is appropriately sent to the following class:

> **All Field Service Technicians that worked for Defendant at any time during the three years preceding the filing of this lawsuit to the present that worked over forty (40) hours in any workweek.**

7.7    Defendant misclassified Plaintiff and the Class Members as exempt from receiving overtime compensation, failed to pay them wages for all hours worked and failed to pay them overtime wages required by the FLSA for all hours worked over forty (40) hours per work week.

7.8    Defendant's failure to pay overtime wages to Plaintiff and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) years statute of limitations period applies to Plaintiff's and the Class Members' damages in this case.

7.9    Plaintiff and the Class Members are entitled to wages for all hours worked, overtime wages for all hours worked in excess of forty (40) in a workweek, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees

and costs of this action. 29 U.S.C. §216(b).

## 8. JURY DEMAND

8.1 Plaintiff hereby demands a trial by jury.

## 9. PRAYER

9.1 Plaintiff respectfully requests that judgment be entered against Defendant, awarding him and all similarly situated employees:

    9.1.1 Unpaid wages for all hours work during the period specified herein.

    9.1.2 Overtime compensation for all hours worked in excess of forty (40) hours per work week at the rate of one and a half times his regular rate of pay;

    9.1.3 An equal amount of liquidated damages;

    9.1.4 Order Defendant to pay reasonable costs and attorney's fees in this action; and,

    9.1.5 Order and grant such other relief as is proper and just.

Respectfully Submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC SD/TX No. 7325
Texas State Bar ID 17268750
gregg@rosenberglaw.com
Tracey D. Lewis
USDC SD/TX No. 212007
Texas State Bar ID 24090230
tracey@rosenberglaw.com
ROSENBERG & SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH                                ATTORNEYS FOR PLAINTIFF