United States District Court
Southern District of Texas
**ENTERED**
February 01, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SERGIO TORRES, On Behalf of | § | |
| Himself and on Behalf of Others | § | |
| Similarly Situated, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-2376 |
| | § | |
| OPRONA, INC. d/b/a Rosen USA, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 46] filed by Defendant Oprona, Inc. d/b/a Rosen USA ("Rosen").[1] Defendant argues that Plaintiffs' claims are not actionable because of the Motor Carrier Act ("MCA") exemption to the FLSA's overtime requirements, and that Plaintiffs have failed to present evidence that the Technical Corrections Act ("TCA") exception to the MCA exemption applies. Plaintiffs filed a Response [Doc. # 51] in opposition to the Motion, and Defendant filed a Reply

---

[1] Also pending are Defendant's Motion for Partial Summary Judgment as to Willfulness and Time-Barred Claims ("Motion for Partial Summary Judgment") [Doc. # 47] and Motion for Decertification [Doc. # 48]. Defendant asserts, and Plaintiffs do not dispute, that these two motions are moot if this Motion for Summary Judgment is granted. *See* Motion for Partial Summary Judgment [Doc. # 47], p. 1 n.1; Motion for Decertification [Doc. # 48], p. 1 n.1.

[Doc. # 56].  The Court has carefully reviewed the record and the applicable legal authorities.  Based on that review, the Court **grants** the Motion.

## I.    <u>BACKGROUND</u>

Rosen is a Houston-based company that serves the oil and gas industry by providing inspection, integrity, and rehabilitation products and services.  Plaintiff Sergio Torres and the thirteen opt-in Plaintiffs are current and former Field Service Technicians ("FSTs").  FSTs employed by Rosen conduct pipeline inspections for various oil and gas companies throughout North America.

Typically, the FSTs drive trucks pulling trailers loaded with the equipment necessary to perform inspections.  At times, the FSTs drive trucks without a trailer, and from time to time they drive rental vehicles.  Rosen's trucks and trailers are registered with the United States Department of Transportation ("DOT"), and must display Rosen's assigned DOT Number, USDOT 1128233, whenever the trucks are in operation.

Plaintiff Sergio Torres filed this lawsuit as a collective action seeking to recover unpaid overtime wages.  Plaintiff alleges that Defendant improperly classifies the FSTs as exempt under the FLSA.

There being no opposition from Defendant, the Court conditionally certified the case as a collective action under 29 U.S.C. § 216(b) with respect to current and former

FSTs employed by Rosen during any workweek since July 2, 2016. *See* Order [Doc. # 17], entered December 2, 2019. Seven individuals opted into the case, but four of those individuals later withdrew their consent to participate in the lawsuit. Currently, there are thirteen opt-in Plaintiffs in addition to named Plaintiff Torres.

After the close of discovery, Defendant moved for summary judgment. Defendant argues that Plaintiffs are exempt under the MCA exemption, and that Plaintiffs have failed to present evidence that raises a genuine issue of material fact in support of their argument that the TCA exception applies. The Motion has been fully briefed and is now ripe for decision.

## II.    SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to his case and on which he will bear the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

For summary judgment, the initial burden falls on the movant to identify areas in which there is an "absence of a genuine issue of material fact." *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012). The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific evidence showing that there is a genuine issue of material fact for trial. *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013).

In deciding whether a genuine and material fact issue has been created, the Court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit &*

*Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant.  *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"'Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.'"  *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002)); *accord Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).  Although the Court may not make credibility determinations or weigh any evidence, the Court is not required to accept conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence.  *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 413); *accord, Little*, 37 F.3d at 1075.   Instead, the nonmoving party must present evidence of specific facts that show "the existence of a genuine issue concerning every essential component of its case."  *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citation and internal quotation marks omitted).  In the absence of any proof, the Court will not assume that the non-movant could or

would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III.   ANALYSIS

### A.   The FLSA and the Motor Carrier Act Exemption

The FLSA requires an employer to pay overtime compensation to employees who work more than forty hours in a workweek, subject to certain statutory exemptions.  29 U.S.C. § 207(a)(1); 29 U.S.C. § 213(a)-(b).  The FLSA's statute of limitations allows an employee to recover overtime wages earned prior to the date the employee's claim is filed, either when the named plaintiff files the lawsuit or when an opt-in plaintiff files his consent to be joined.  *See* 29 U.S.C. §§ 255(a), 256(a). Ordinarily, a two-year statute applies, but a three-year statute of limitations applies if the plaintiff demonstrates that the FLSA violation was willful.  *See* 29 U.S.C. § 255(a).  Therefore, a Plaintiff in this case cannot recover unpaid overtime wages under the FLSA for a period more than two years before he filed or consented to join this lawsuit, except that he may recover for hours worked during a period up to three years before filing or joining this lawsuit if Defendant were found to have willfully violated the FLSA.

Courts must give FLSA exemptions "a fair reading" rather than a narrow construction.  *See Encino Motorcars, LLC v. Navarro*, __ U.S. __, 138 S. Ct. 1134

(2018); *Carley v. Crest Pumping Techs., L.L.C.,* 890 F.3d 575, 579 (5th Cir. 2018). The employer bears the burden to prove that an exemption to the FLSA applies. *Carley*, 890 F.3d at 579-80  (citing *Mitchell v. Ky. Fin. Co.*, 359 U.S. 290, 291 (1959)).

In this case, Rosen argues that the FSTs are within the MCA exemption, 29 U.S.C. § 213(b)(1).  The MCA exemption applies to employees who are subject to standards set by the Secretary of Transportation regarding qualifications and maximum hours of service.  *See Rychorcewicz v. Welltec, Inc.*, 768 F. App'x 252, 255 (5th Cir. Apr. 18, 2019) (citing 29 U.S.C. § 213(b)(1)).  The DOT regulations define exempt employees as those (1) who are employed by a "motor carrier" and (2) who "engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce."  *Carley*, 890 F.3d at 577 n.4 (citing 49 U.S.C. § 31502(b) and 29 C.F.R. § 782.2(a)).  Courts evaluate the applicability of the MCA exemption "on a company-wide basis rather than employee-by-employee." *Rychorcewicz*, 768 F. App'x at 255.  "[I]f the employee's job duties are 'such that he is (or . . . is likely to be) called upon in the ordinary course of his work to perform, either regularly or from time to time, safety-affecting activities' of a driver, he comes within the MCA exemption 'in all workweeks when he is employed at such job.'"

*Songer v. Dillon Res., Inc.*, 618 F.3d 467, 474 (5th Cir. 2010) (quoting 29 C.F.R. § 782.2(b)(3)).

The parties do not dispute that Rosen is a "motor carrier" under the MCA. As noted above, Rosen is registered with the DOT as a federal motor carrier, and its trucks and trailers are required to display Rosen's registration number, USDOT 1128233, when in operation.

Plaintiffs have testified that as FSTs they engaged in activities that directly affected the safe operation of motor vehicles in the interstate transportation of property. *See, e.g.*, Torres Declaration, Exh. 3 to Motion, ¶¶ 2, 10. It is undisputed that they were frequently required to drive across state lines, and the safety activities included loading trailers and "strapping down all the equipment on the trailer." *Id*.

Plaintiffs argue that the MCA exemption is inapplicable because Rosen used a "mixed fleet of vehicles." *See* Response, p. 2. Plaintiffs cite no legal authority to support this broad statement, and the Court is aware of none. Indeed, an employer's use of a mixed fleet of vehicles, while perhaps relevant to the application of the TCA exception, does not preclude application of the MCA exemption. *See, e.g., Rychorcewicz v. Welltec, Inc.*, 2018 WL 3559131, *12 (S.D. Tex. June 22, 2018), *aff'd*, 768 F. App'x 252 (5th Cir. Apr. 18, 2019).

Based on the undisputed evidence in the record, Rosen has satisfied its burden to establish that FSTs, including Plaintiffs, are subject to the MCA exemption.

## B.    Technical Corrections Act Exception to MCA Exemption

Plaintiffs argue that the Technical Corrections Act ("TCA") exception to the MCA exemption applies and, as a result, they are entitled to overtime wages under the FLSA.  The TCA provides that the MCA exemption does not apply to any employee:

(1)    who is employed by a motor carrier or motor private carrier . . .;

(2)    whose work, in whole or in part, is defined –
    (A)    as that of a driver, driver's helper, loader, or mechanic; and
    (B)    as affecting the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce, . . .; and

(3)    who performs duties on motor vehicles weighing 10,000 pounds or less.

TCA, Pub. L. No. 110-244, § 306(a), (c), 122 Stat. 1572, 1621 (June 6, 2008); *Carley*, 890 F.3d at 579.  A plaintiff claiming the TCA exception bears the burden to prove its applicability.  *See Carley*, 890 F.3d at 580; *Rychorcewicz*, 768 F. App'x at 256; *Garcia v. Vasilia*, 2019 WL 3500564, *2 (S.D. Tex. Aug. 1, 2019) (Miller, J.) (Plaintiffs "bear the burden of proving that the Corrections Act applies to require overtime notwithstanding the MCA Exemption.").  To avoid summary judgment in favor of Defendant on the TCA exception, each Plaintiff must present evidence that raises a genuine issue of material fact (1) that in any workweek he drove a vehicle

with a gross vehicle weight rating ("GVWR") of 10,000 pounds or less (as a separate vehicle or when combined with a trailer), and (2) that his driving of the small vehicle(s) was more than *de minimis*. *See Rychorcewicz*, 768 F. App'x at 256; *Norman v. QES Wireline, LLC*, 2019 WL 4674957, *7 (S.D. Tex. Aug. 30, 2019) ("it is Plaintiffs' burden to show that in a relevant workweek they worked on a TCA-eligible vehicle on a more than *de minimis* basis"). If a Plaintiff satisfies this burden, "that driver alone is nonexempt for that workweek." United States Dept. of Labor Field Assistance Bulletin 2010-2, Exh. 1 to Reply, p. 3.

Each Plaintiff in this case must first present evidence that raises a genuine issue of material fact regarding whether, for any relevant workweek, he drove a motor vehicle weighing 10,000 pounds or less. Although the TCA does not define "weight," the proper measure of weight for purposes of the TCA is the vehicle's GVWR. *See Carley*, 890 F.3d at 581-82; *Rychorcewicz*, 768 F. App'x at 256. The GVWR is "the value specified by the manufacturer as the loaded weight of a single vehicle." 49 C.F.R. § 390.5T. When a trailer is attached to the vehicle, the GVWR plus the weight of the trailer is used to determine if the vehicle is within the TCA exception. *See Albanil v. Coast 2 Coast, Inc.*, 444 F. App'x 788, 798-99 (5th Cir. Oct. 13, 2011). Rosen has presented uncontroverted evidence that the GVWR of its Ford F-350 trucks is between 10,200 pounds and 13,000 pounds, and the GVWR of its Ford F-250 trucks

is between 9,400 pounds and 10,000 pounds.[2]  *See* Declaration of Joel Coleman, Exh. 1 to Motion, ¶ 6.  FSTs regularly drive trucks with attached trailers that weigh between 4,000 pounds and 14,000 pounds.  *See id.*, ¶ 7.  When an FST is assigned an F-350 or F-250 truck with a trailer, the total weight of the truck/trailer combination is between 13,400 pounds and 27,000 pounds.  *See id.*

Opt-in Plaintiffs Anthony Griglik, Bruce James Colligan, Fernando DeLeon, and Rodolfo Pena, Jr. have failed to present any evidence to support their assertion of the TCA exception.  As a result, Defendant is entitled to summary judgment as to these four Plaintiffs.

Plaintiff Joseph Hatherley signed his Consent to Join Collection Action ("Consent") on January 9, 2020, and it was filed on January 15, 2020 [Doc. # 22].  Hatherley worked for Rosen twice – first from February 2015 until March 2017, and a second time from February 2018 until July 2019.  Hatherley testified that during his employment with Rosen he primarily drove the F-350s, but drove the F-250s approximately twenty percent (20%) of the time.  *See* Hatherley Depo., Exh. 4 to Motion, pp. 27-28.  During his second period of employment with Rosen, he always had a trailer as well as the truck.  *See id.* at 27.  Hatherley testified that on eight or

---

[2]      Some Plaintiffs have testified that in the past there were F-150 trucks in Rosen's fleet. Plaintiffs have presented no evidence, however, of the GVWR of the F-150.

nine occasions, he flew to a job site and rented a vehicle for driving between the hotel and the job site. *See id.* There is no evidence in the record regarding the weeks during which Hatherley drove a rental vehicle, and there is no evidence of the GVWR for any of these rental vehicles. Hatherley testified that he could not identify any other specific time during either period of employment with Rosen that he drove a truck without a trailer. *See id.* at 120. Hatherley has failed to present evidence that raises a genuine issue of material fact that for any specific workweek he drove a vehicle with a GVWR of 10,000 pounds or less. Defendant is entitled to summary judgment on Hatherley's FLSA claim.

Plaintiff Deondre Randall signed his Consent on January 1, 2020, and it was filed January 6, 2020 [Doc. # 21]. Deondre Randall worked for Rosen from January 2012 until November 2019. He testified that during the period from 2015 through 2019, he always drove either an F-350 or an F-250 with a trailer. *See* Deondre Randall Depo., Exh. 6 to Motion, p. 148. He testified that he had flown to a job site and rented a vehicle, *see id.* at 152-53, but there is no evidence when this occurred or the GVWR of the rental vehicle. Deondre Randall has failed to present evidence that raises a genuine issue of material fact that for any specific workweek he drove a vehicle with a GVWR of 10,000 pounds or less. Defendant is entitled to summary judgment on Deondre Randall's FLSA claim.

Plaintiff Arthur Randall signed his Consent on July 8, 2019, and it was filed July 9, 2019 [Doc. # 3]. Arthur Randall testified that he mostly drove an F-250 while he was employed with Rosen, and that approximately sixty percent (60%) of the time he pulled a trailer. *See* Arthur Randall Depo., Exh. 12 to Motion, pp. 47-48, 32. He testified further, however, that he could not identify any time that he was not pulling a trailer, and that he could not estimate the percentage of time he drove an F-350. *See id.* at 149-50. Arthur Randall's evidence fails to raise a genuine issue of material fact that for any specific workweek he drove a vehicle with a GVWR of 10,000 pounds or less. Defendant is entitled to summary judgment on Arthur Randall's FLSA claim.

Plaintiff John Colvard signed his Consent on February 21, 2020, and it was filed that day [Doc. # 27]. Colvard began working for Rosen in February 2019, and he is still in Rosen's employ. Colvard testified that he has driven F-350s on all but two jobs, but on those two jobs he was pulling a trailer. *See* Colvard Depo., Exh. 5 to Motion, pp. 55-56. Colvard testified similarly that there were only six weeks during which he did not pull a trailer, but he was driving an F-350 each of those weeks. *See id.* at 56-57. Colvard also testified about driving rental vehicles, *see id.* at 55, but again there is no evidence regarding when this occurred or the GVWR of the rental vehicle. Colvard has failed to present evidence that raises a genuine issue of material fact that for any specific workweek he drove a vehicle with a GVWR of

10,000 pounds or less.  Defendant is entitled to summary judgment on Colvard's FLSA claim.

Plaintiff Saylwen Jackson signed his Consent on February 21, 2020, and it was filed that day [Doc. # 27].  Jackson testified during his deposition that he drove both F-350s and F-250s, but he does not know the percentage of time he drove each truck.  *See* Jackson Depo., Exh. 8 to Motion, p. 60.  Jackson testified that he does not recall any job for which he drove a truck without a trailer.  *See id.* at 105.  This evidence fails to raise a genuine issue of material fact that for any specific workweek Jackson drove a vehicle with a GVWR of 10,000 pounds or less.  Therefore, Defendant is entitled to summary judgment on Jackson's FLSA claim.

Plaintiff Norman Greaner signed his Consent on July 22, 2019, and it was filed that day [Doc. # 6].  Greaner worked for Rosen between April 2015 and November 2017.  He has presented evidence that the majority of his driving trips were in the F-350 with a trailer, and he has "no idea" how many weeks he drove a different vehicle.  *See* Greaner Depo., Exh. 7 to Motion, p. 16.  Greaner testified that it was a "rare occasion" that he drove a truck without a trailer.  *See id.* at 88-89.  Indeed, Greaner testified that he can remember only one job driving without a trailer, a job in Wyoming when he drove an F-150 truck.  *See id.* at 89.  That job, however, was in June 2016.  *See* Chart, Exh. 13 to Greaner Depo.  Therefore, the Wyoming job was

outside the statute of limitations, even if the three-year limitations period were to apply. Greaner has failed to present evidence that raises a genuine issue of material fact that for any specific workweek within the statute of limitations he drove a vehicle with a GVWR of 10,000 pounds or less. Defendant is entitled to summary judgment on Greaner's FLSA claim.

Plaintiff Greg Rosenbaum signed his Consent on December 23, 2019, and it was filed on December 31, 2019 [Doc. # 20]. Rosenbaum has testified that he drove either an F-250 or an F-350 truck, and 95% of the time he was pulling a trailer. *See* Rosenbaum Depo., Exh. 9 to Motion, p. 31. Rosenbaum has not identified any workweek during which he drove an F-250 truck without a trailer. As a result, Rosenbaum has failed to satisfy his burden to present evidence that raises a genuine issue of material fact that for any specific workweek he drove a vehicle with a GVWR of 10,000 pounds or less. Defendant is entitled to summary judgment on Rosenbaum's FLSA claim.

Plaintiff Raymond Abbiw signed his Consent on February 4, 2020, and it was filed on February 10, 2020 [Doc. # 25]. Abbiw testified that he remembers only three jobs without a trailer. For two of those jobs, he flew to Pennsylvania and a supervisor picked him up at the airport. *See* Abbiw Depo., Exh. 10 to Motion, pp. 73-74. For the third job, he rode in a vehicle driven by someone else. *See id.* at 74. This evidence

is insufficient to raise a genuine issue of material fact that for any specific workweek Abbiw drove a vehicle with a GVWR of 10,000 pounds or less. Defendant is entitled to summary judgment on Abbiw's FLSA claim.

Plaintiff Marcus Manning signed his Consent on February 19, 2020, and it was filed February 21, 2020 [Doc. # 27]. Manning left his employment with Rosen in October 2018, and believes his last job driving for Rosen was September 28, 2018. *See* Manning Depo., Exh. 11 to Motion, p. 64. Manning testified that he cannot remember any time he drove a truck without a trailer, except for three times he flew to the job site. *See id.* at 25-26, 65-66. There is no evidence in the record regarding when this occurred, and there is no evidence of the GVWR for any of the vehicles he drove on those three occasions. Manning has failed to present evidence that raises a genuine issue of material fact that for any specific workweek he drove a vehicle with a GVWR of 10,000 pounds or less. For this reason, Defendant is entitled to summary judgment on Manning's FLSA claim.

Plaintiff Sergio Torres, the named Plaintiff, filed this lawsuit on July 2, 2019. Torres worked for Rosen from April 2015 until October 2017. Torres could not remember any specific workweek during which he drove a truck without a trailer or even how often that occurred. *See* Torres Depo., Exh. 2 to Motion, p. 64. Torres testified in his deposition that FSTs "didn't drive any vehicles that were over 10,000,

because at that point Rosen would hire a Hot Shot Driver." *Id.* at 105. Torres testified

that FSTs "would drive a trailer with a truck, as long as the total weight was under the

10,000."[3] *Id.* There is no evidence in the record that Torres has personal knowledge

of the GVWR of each truck and truck/trailer combination he drove. Instead, Torres

testified that he believed he and the other FSTs were not legally permitted to drive a

vehicle with a GVWR above 10,000 pounds unless they had a Commercial Driver's

License ("CDL"), which Torres did not have. *See id.* at 111. This belief is

unfounded. A CDL is not required to drive a vehicle with a GVWR under ***26,000***

***pounds***, as a separate vehicle or as a combination vehicle. *See Granville v. Dupar,*

*Inc.*, 2009 WL 3255292, *8 (S.D. Tex. Sept. 25, 2009) (Rosenthal, J.) (citing 49

C.F.R. § 383.5). The applicable regulation provides that a "Commercial driver's

license (CDL) means a license issued to an individual . . . which authorizes the

individual to operate a class of a commercial motor vehicle." 49 C.F.R. § 383.5. A

"commercial motor vehicle" for which a CDL is required is:

> a motor vehicle or combination of motor vehicles used in commerce to
> transport passengers or property if the motor vehicle is a –
>
> (1)    Combination Vehicle (Group A) – having a gross combination
>        weight rating or gross combination weight of 11,794 kilograms or
>        more (***26,001 pounds or more***), whichever is greater, inclusive of

---

[3]    This testimony is refuted by the testimony of the other Plaintiffs who admitted driving
F-350s and F-250/trailer combinations with a GVWR above 10,000 pounds.

a towed unit(s) with a gross vehicle weight rating or gross vehicle weight of more than 4,536 kilograms (10,000 pounds), whichever is greater; or

(2)     Heavy Straight Vehicle (Group B) – having a gross vehicle weight rating or gross vehicle weight of 11,794 or more kilograms (***26,001 pounds or more***), whichever is greater; or

(3)     Small Vehicle (Group C) that does not meet Group A or B requirements but that either –

        (i)     Is designed to transport 16 or more passengers, including the driver; or

        (ii)     Is of any size and is used in the transportation of hazardous materials as defined in this section.

*Id*. (emphasis added).  It is uncontested that the only time a truck/trailer combination exceeded the 26,000 pound requirement for a CDR was when the largest F-350 was used to pull Rosen's largest trailer.  *See* Coleman Decl., ¶¶ 6-7.  Therefore, Torres's testimony that the FSTs never drove any truck/trailer with a GVWR in excess of 10,000 pounds, based on his mistaken belief that a CDR was required to drive such a vehicle legally, does not raise a genuine issue of material fact that for any specific workweek he actually drove a vehicle with a GVWR of 10,000 pounds or less.  For this reason, Defendant is entitled to summary judgment on Torres's FLSA claim.

    None of the Plaintiffs have presented evidence that for any specific workweek he drove a vehicle with a GVWR of 10,000 pounds or less.  Certain Plaintiffs have presented evidence that they at times drove a rental vehicle from his hotel to the job site.  Even if there were evidence that the GVWR of the rental vehicle was 10,000

pounds or less, no Plaintiff has presented evidence that his occasional driving of a smaller rental vehicle was more than *de minimis*. *See, e.g. Rychorcewicz*, 768 F. App'x at 256. Plaintiffs have failed to present evidence that raises a genuine issue of material fact on this element of the TCA exception. As a result, on this basis also, Defendant is entitled to summary judgment.

## IV.    CONCLUSION AND ORDER

Plaintiffs have failed to present evidence that raises a genuine issue of material fact in support of their assertion of the TCA exception to the MCA exemption. As a result, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 46] is **GRANTED**. It is further

**ORDERED** that Defendant's Motion for Partial Summary Judgment as to Willfulness and Time-Barred Claim [Doc. # 47] and Motion for Decertification [Doc. # 48] are **DENIED AS MOOT**.

The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this 29th day of **January, 2021**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE